CORKIN v. RIVER RAISIN PAPER CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—LIMITATION OF ACTION—EXCEPTION—INCAPACITATED.

Testimony that an employee sustained an injury to his leg on June 29th, and on July 20th it was determined that he had erysipelas in his leg, and he was taken to the hospital and quarantined until November 16th, much of the time being in great pain and delirious, that while he was quarantined he was cut off from the outside world, most of the time being too weak to read or write, and his mind being more or less in a mental haze, *held*, sufficient to justify the industrial accident board in finding that he was incapacitated physically and mentally, and incapable of making a claim for compensation within the meaning of the exception in section 15, part 2, of the workmen's compensation act.

2. SAME.

In construing said section 15, part 2 of said act, the rule usually invoked in construing general statutes of limitations, that when the statute once attaches the period will continue to run and will not be suspended by any subsequent disability, *held*, not applicable; it being the evident intent of the legislature to enlarge the six months' time within which a claim could be made by the period of incapacity.

Certiorari to Industrial Accident Board. Submitted June 12, 1919. (Docket No. 28.) Decided July 17, 1919.

John Corkin presented his claim for compensation against the River Raisin Paper Company for injuries received in defendant's employ. From an order awarding compensation, defendant and the Michigan Workmen's Compensation Mutual Insurance Company, insurer, bring certiorari. Affirmed.

*Beaumont, Smith & Harris* (*Hal H. Smith* and *Albert E. Meder*, of counsel), for appellants.

*Alexander & Cotter* and *Campbell, Dewey & Stanton*, for appellee.

BIRD, C. J. Plaintiff is a brick mason. When injured he was in the employ of the River Raisin Paper Company. On June 29, 1917, while engaged in his work on a scaffold he slipped and bruised his shin. When his working hours were over he applied an antiseptic to his bruise. The injury gave evidence of healing in the ordinary manner and he continued to work. On July 7th his leg began to swell, but he worked on until July 13th. He then laid off and remained quiet until July 19th when he consulted a physician and on the following day, July 20th, it was determined that he was suffering from erysipelas in his injured leg. He was at once taken to Herman Kiefer hospital, where he remained in quarantine until November 16th, when he was transferred to Harper hospital, and he remained there until January 5, 1918. A week later he had so far recovered his strength that he was able to walk about and he visited his attorneys. They made a claim for him to the industrial accident board on January 14, 1918. An award of $10 a week was made by the committee of

arbitration and the same was approved on appeal by the accident board.

The principal defense urged by the defendants is that plaintiff did not file his claim within the six months provided by the statute. Plaintiff concedes that his claim was not filed within the six months period but excuses the delay on the ground that during his stay at the Herman Kiefer hospital he was incapacitated, both physically and mentally.

Upon that issue the board made the following finding:

"(e) That from July 20, 1917, to November 16, 1917, the applicant was physically and mentally incapable of making a claim for compensation within the meaning of the exception contained in section 15, of part 2, of the workmen's compensation law, and that said three months and twenty-six days should be excluded in computing the limitations applicable to the facts in this case."

It is argued by defendants in this court:

(1) That the foregoing finding of fact is not justified by the record.

(2) That if it is, the statute commenced to run at the date of the injury, and that, having commenced to run, the statute would not be flagged by the subsequent mental and physical incapacity of plaintiff.

1. The testimony discloses that during plaintiff's stay at the Herman Kiefer hospital he was in quarantine and confined to the bed until the last day or two when he was placed in a wheel chair. That during a considerable portion of the time he was in great pain, and much of the time he was delirious. It further shows that he was cut off completely from the outside world and saw only the nurses and doctors. No letters could go out without special permission. On one occasion his brother was permitted to enter the room where he was, and remain five minutes, but before doing so he was required to don an oil cloth

robe, and just before leaving the hospital his landlady came and talked with him through the window. Most of the time he was too weak to read or write. His testimony indicates that during the time his mind was more or less in a mental haze as he could remember little that took place in connection with his case. We are of the opinion that the testimony discloses a state of facts which fully justified the board in making the finding which it did. If this state of facts would not furnish a basis for the finding that he was physically and mentally incapacitated within the meaning of the exception to the statute it would be difficult to conceive a situation that would.

2. The statute involved provides that:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer three months after the happening thereof, and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same; *or, in case of the death of the employee, or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity.*" 2 Comp. Laws 1915, § 5445.

In construing this section of the statute counsel apply some general rules which have been held applicable to statutes of limitations, namely, that the disability must exist at the time when the action accrues, and that when the statute once attaches the period will continue to run and will not be suspended by any subsequent disability unless the statute so provides. It is then argued that because plaintiff was not incapacitated for several days after the accident the statute has run and the claim is barred.

The rules stated by counsel are undoubtedly the rules which are usually invoked in construing general statutes of limitations, and they are precisely the rules

which counsel would apply to this section. were no saving clause attached. But the legislature attached a saving clause and they did it for some purpose. To construe the entire section as defendants have urged would make the saving clause of little force. It was the evident intent of the legislature to give claimants six months in which to file their claims and to enlarge the time in the event they were either mentally or physically incapacitated during the six months.

If defendants' suggested construction should prevail the practical operation of the statute would result in this:

(a) In case of immediate death the saving clause would apply.

(b) If death did not ensue until the following day the saving clause would not apply because the statute of limitations would then have begun to run.

(c) In case of injury, if the claimant became incapacitated on the date of the accident, the saving clause would apply.

(d) In case of injury, if the incapacity did not develop until the following day, the exception in the statute would not apply because the statute of limitations would then be on its way.

It is easy to see that this is not the construction which the legislature obviously intended the exception should have, nor is it a reasonable construction, if we keep in mind the purpose of the legislation. The legislature, of course, understood that in many cases of injury periods of incapacity would follow, and it is fair to presume that it annexed the saving clause to exclude such periods from the operation of the statute.

Most of the cases bearing on this question of construction, including those cited by counsel, are cases construing statutes of limitation general in their application and wholly disconnected with the causes which produced the incapacity. The statute involved here is a short statute of limitation special in its ap-

plication and having relation only to the legislation which it was created to serve. This statute of limitations is much shorter than the general statute which applies to personal injuries, and it ought not to be still further restricted by judicial construction if it can be reasonably avoided. The construction which should be given to the statute is that subsequent incapacity of the claimant within the six months period will flag the statute. This is a reasonable construction, one that will make the saving clause mean something, and one which the legislature evidently intended it should have. The board was right in its interpretation of the act and their finding is affirmed, with costs to the plaintiff.

OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.